UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Gwendolyn Ware

    v.                           Civil No. 12-cv-104-JL

JP Morgan Chase Bank, N.A. and
Federal Home Loan Mortgage Corp.

**SUMMARY ORDER**

    Plaintiff Gwendolyn Ware filed this action in Merrimack County Superior Court, seeking to enjoin a scheduled foreclosure sale of property she owns in Newbury, New Hampshire.  Although Ware was represented by counsel at the time of filing, both her attorneys withdrew not long after the defendants, JP Morgan Chase Bank, N.A. and Federal Home Loan Mortgage Corporation (or "Freddie Mac"), removed the action to this court, invoking its diversity jurisdiction.  See 28 U.S.C. § 1332.[1]  After Ware tried, unsuccessfully, to obtain new counsel, she elected to proceed pro se.  Magistrate Judge McCafferty then held a preliminary pretrial conference and issued a scheduling order

---

[1] Defendants' reliance on 28 U.S.C. § 1332 was misplaced. Freddie Mac, as a federally-chartered corporation, is not a citizen of any state, and its presence as a party in any case therefore eliminates diversity.  See Bankers' Trust Co. v. Tex. & Pac. Ry., 241 U.S. 295, 309 (1916); FDIC v. La Rambla Shopping Ctr., Inc., 791 F.2d 215, 221 (1st Cir. 1986).  The court nonetheless has jurisdiction over this matter under 12 U.S.C. § 1452(f), which provides the court with jurisdiction to hear "all civil actions to which [Freddie Mac] is a party."

that, among other things, set a deadline of January 25, 2013 for Ware to amend her complaint.  See Order of Oct. 25, 2012.

Two days before that deadline, Ware filed a "Motion to Withdraw Without Prejudice," which the court construes as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).[2]  The following day, defendants filed their own motion to dismiss pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), citing Ware's "outright refusal to provide requested discovery."  Mot. to Dismiss (document no. 26) at 1.  Both motions are opposed and, for the reasons discussed below, both are denied.

## I. **Ware's motion**

Dismissal under Rule 41(a)(2) may be granted only "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2). While "discretion ultimately rests" with the district court in applying this rule, the court of appeals has identified several factors that the court may take into consideration, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for

---

[2]Voluntary dismissal of this case falls within the ambit of Rule 41(a)(2), rather than 41(a)(1), because defendants have already filed an answer and oppose the dismissal.

the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." JRA Architects & Project Mgrs., P.S.C. v. First Fin. Grp., Inc., 375 Fed. Appx. 42, 43 (1st Cir. 2010) (internal quotation marks and citations omitted).  These factors counsel in favor of denying Ware's motion for voluntary dismissal.

As an initial matter, Ware has not sufficiently explained why a dismissal is necessary.  Her initial motion did not provide any explanation for the request, aside from the fact that "Union Capital Mortgage Business Trust"--which is not a party to this action--"no longer exists."  Mot. to Withdraw Compl. (document no. 25) at 1.  In her reply memorandum, Ware seeks to justify the dismissal by arguing that her previous counsel, in drafting the complaint, "did not state several key accusations" and "didn't name the proper Defendants and Plaintiffs involved."  Reply to Defts.' Obj. (document no. 29) at 3.  Ware further claims that "a recently discovered aggressive and harmful action by Defendant"--which appears to refer to an April 2012 assignment of her mortgage--"created a crucial new fact to the case."  Supp. to Reply to Defts.' Obj. (document no. 32) at 2.

Whatever their significance, these developments do not warrant dismissing this action simply so Ware can refile in state court, as appears to be her intention.  At most, they might

warrant amendment of the complaint to include allegations, parties, and theories that were omitted from Ware's initial complaint. As already noted, the deadline for Ware to amend her complaint had not yet passed at the time she filed her motion, so she easily could have sought leave to amend instead of seeking to dismiss this action. And even though that deadline has now come and gone, Ware can still amend her complaint if she demonstrates "good cause." Fed. R. Civ. P. 16(b)(4); see also Steir v. Girl Scouts of the U.S.A., 383 F.3d 7, 12 (2004).

As defendants note, moreover, they have incurred significant expense in litigating this case thus far, while Ware, for her part, has done little to prosecute her action. While the case was still in Superior Court, Ware successfully obtained preliminary injunctive relief to prevent defendants from foreclosing, and that injunction has remained in effect for over a year. Since obtaining the injunction, Ware has done little more than file repeated requests to extend time. See documents nos. 11, 13, 16, 17, 23. Defendants, on the other hand, have obtained counsel, removed the case to this court, prepared an answer to the complaint, twice attempted to prepare discovery plans with little assistance from Ware and her counsel, attended a preliminary pretrial conference, and propounded discovery

requests--which have gone unanswered (as discussed in the following section).

Given the effort and expense defendants have expended thus far, Ware's apparent lack of diligence, and the lack of any persuasive explanation for why a dismissal without prejudice should be permitted, Ware's motion is denied.

## II. **Defendants' motion**

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A), if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response," the court "may, on motion, order sanctions." Those sanctions may include, among other things, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). Similarly, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Rules of civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Because Ware--as she openly acknowledges--did not respond to defendants' interrogatories and requests for production, even after seeking and obtaining an extension of time to do so from the court, defendants argue that dismissal under these rules is appropriate.

5

The court of appeals has cautioned, however, that "dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Although a dismissal might be warranted for a single instance of misconduct, it is typically not "a sanction of first resort." Id. The court sees no reason to assess this draconian penalty for Ware's misconduct to date, which, though troubling, cannot yet be called "extreme."

To be sure, Ware's conduct falls far short of what the Federal Rules require. The sole excuse Ware has offered for her failure to provide the requested discovery, moreover, is that she "was waiting for a decision on her motion to withdraw." Pl.'s Obj. to Defts.' Mot. to Dismiss (document no. 30) at 1. This makes little sense. Defendants served their discovery requests on November 13, 2012, and, after this court granted Ware an extension of time to respond, her responses were due on January 14, 2013. Yet Ware did not file her motion to withdraw until January 23, 2013, over a week later, so she cannot have been "waiting for a decision on her motion to withdraw" during the two-plus months in which she should have been, but was not, preparing responses to defendants' requests.

It is well-established that pro se litigants "are not exempt from procedural rules." Dutil v. Murphy, 550 F.3d 154, 158 (1st

6

Cir. 2008). Nonetheless, given that Ware is proceeding pro se, the court will afford her some solicitude here, particularly because the discovery and summary judgment deadlines are still months away and Ware's misconduct has not yet caused defendants significant prejudice. Defendants' motion to dismiss is therefore denied.[3]

The court would like to take Ware at her word that she will respond to defendants' discovery requests now that her motion to withdraw has been denied. See Pl.'s Obj. to Defts.' Mot. to Dismiss (document no. 30) at 1. But given her conduct to date, it has no assurance that she will. It therefore orders Ware to provide responses to defendants' interrogatories and requests for production[4] **on or before March 14, 2013.** Failure to comply with this order will result in dismissal of this action, with prejudice.

---

[3] The court does not mean to suggest that no sanction is warranted for Ware's conduct, simply that dismissal is not the appropriate sanction. The court's order does not preclude defendants from seeking some alternative sanction.

[4] As defendants note, Ware's failure to provide timely responses to their requests for admission operates as an admission under Federal Rule of Civil Procedure 36(a)(3), so Ware need not provide any further response to those requests.

7

### III. Conclusion

For the foregoing reasons, plaintiff's motion to withdraw complaint without prejudice[5] and defendants' motion to dismiss[6] are DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 1, 2013

cc: Gwendolyn Ware, pro se
    Peter G. Callaghan, Esq.

---

[5] Document no. 25.

[6] Document no. 26.