```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Gwendolyn Ware

    v.                                   Civil No. 12-cv-104-JL

JP Morgan Chase Bank, N.A. and
Federal Home Loan Mortgage Corp.


**O R D E R**

On March 1, 2013, prompted by defendants' motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure, this court ordered plaintiff Gwendolyn Ware "to provide responses to defendants' interrogatories and requests for production on or before March 14, 2013." Order of March 1, 2013, at 7 (boldface and footnote omitted). The court warned Ware, who had withheld responses to those discovery requests without apparent justification, that noncompliance would result in dismissal with prejudice. See id. On March 15, defendants filed a "Notice of Plaintiff's Non-Compliance" complaining that Ware had provided responses to their discovery requests that they considered to be "plainly non-responsive" and noncompliant with the court's order, and seeking dismissal of this action.

Ware's responses consist primarily of objections, and provide substantive responses to only two of defendant's

discovery requests.[1]  Having examined the objections, and finding them largely meritless, the court ordered Ware to file a memorandum responding to defendants' notice.  Order of April 4, 2013.  The court advised that if Ware "believes she had a good-faith basis for interposing objections to nearly all of defendants' discovery requests, that belief should be explained in the memorandum."  Id.  As ordered, Ware has filed a response stating that she believed defendants' interrogatories "were overbroad, burdensome, vague, ambiguous, irrelevant to this action, and not reasonabl[y] calculated to lead to the discovery of admissible evidence" (essentially what was stated in her objections) and that her objections to the document requests were "in error."

Before Ware filed her response, defendants filed a supplement to their notice alleging further discovery misconduct by Ware.  Defendants' supplement asserts that Ware did not bring documents to her deposition as requested in the subpoena issued to her, refused to sign an authorization for defendants to request certain records from third parties, and gave "evasive"

---

[1] Ware also provided responses to defendants' requests for admission.  As the court previously noted, though, because Ware did not respond within thirty days of service of defendants' requests for admission, the matters therein have already been deemed admitted under Federal Rule of Civil Procedure 36(a)(3). See Order of March 1, 2013, at 7 n.4.

responses that were "severely lacking" in quality.  By way of example, Ware claimed not to know what the words "mortgage," "deed," "borrow," or "loan" mean; what a Social Security number is; or who owns the property in which she resides.

The court declines to dismiss this case in response to Ware's discovery conduct, as defendants request.  Ware did comply with the letter of the court's March 1 order, which did not explicitly prohibit her from objecting to defendants' discovery requests (even if, as defendants note, some of her objections were waived by operation of Rule 33(b)(4) of the Federal Rules of Civil Procedure due to Ware's failure to timely object).  This suggests that her conduct does not stem entirely from bad faith.  To be sure, "a finding of bad faith is not a condition precedent to imposing a sanction of dismissal."  Young v. Gordon, 330 F.3d 76, 82 (1st Cir. 2003).  Given Ware's pro se status, however, and the fact that time remains for the parties to complete discovery, the court will not impose the drastic sanction of dismissal without more obvious evidence of bad faith.[2]

---

[2]One might, of course, infer bad faith from the responses Ware gave during her deposition.  For example, Ware's testimony that she does not know what "mortgage" and "loan" mean is frankly incredible.  Ware herself has previously used both those terms multiple times in her pro se submissions to this court (including in her response to defendants' notice of non-compliance).  See Mot. to Withdraw (document no. 25); Reply to Defts.' Obj. (document no. 29); Pl.'s Obj. to Defts.' Mot. to Dismiss

3

That is not to say that the court's patience is inexhaustible. Ware will be permitted one final chance to provide substantive responses to defendants' discovery requests. As noted, her objections to those requests are largely meritless (and, indeed, in the case of her interrogatory objections, have been waived under Rule 33(b)(4)). Therefore, **on or before May 3, 2013**, Ware shall:

- Provide, to the best of her ability, full, substantive responses to each of defendants' interrogatories. Ware need not provide a response to interrogatory no. 4, as it calls for a response only if Ware has not admitted any of defendants' requests for admission and, as already noted, Ware has admitted all of those requests. See supra n.1.

- Produce all documents in her possession, custody, or control that are responsive to defendants' document requests.

- Sign authorizations enabling defendants to obtain the records requested in document requests nos. 2, 3, 5, and 6 from third parties, in the event no such records are in Ware's possession.

Ware may not withhold this discovery or assert any further objections to providing it. Given that Ware claims to have provided further responses to defendants' discovery requests already, the court trusts that she will not find this to be a

---

(document no. 30); Supplement to Reply to Defts.' Obj. (document no. 32); Pl.'s Surreply (document no. 36); Pl.'s Memo. to Defts.' Notice of Non-Compl. (document no. 39). But that does not necessarily mean Ware's deposition testimony was untruthful, and if it was--or if it cannot be reconciled with her previous statements--that is something she will have to reckon with at trial.

difficult task.  **Failure to comply with this order <u>will</u> result in dismissal of this action, with prejudice.**

The court recognizes that defendants may wish to reconvene Ware's deposition once she provides this discovery, and they are granted leave to depose Ware again for a period not exceeding five hours.  **Ware shall attend that deposition if defendants choose to hold it, and her failure to do so will result in dismissal with prejudice.**

This order is in no way meant to preclude defendants from seeking additional relief based upon Ware's conduct to date. Defendants are advised that if they desire any relief from the court in the future (including dismissal for Ware's failure to comply with this order), they should file a motion requesting that relief.  "Notices" will not suffice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 17, 2013

cc:  Gwendolyn Ware, pro se
     Peter G. Callaghan, Esq.